UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INVENERGY RENEWABLES LLC, <br><br> Plaintiff, <br><br> and <br><br> SOLAR ENERGY INDUSTRIES ASSOCIATION, CLEARWAY ENERGY GROUP LLC and EDF RENEWABLES, INC., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES OF AMERICA, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, UNITED STATES TRADE REPRESENTATIVE ROBERT E. LIGHTHIZER, U.S. CUSTOMS AND BORDER PROTECTION, and ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION MARK A. MORGAN, <br><br> Defendants, <br><br> and <br><br> HANWHA Q CELLS USA, INC., <br><br> Defendant-Intervenor. | Before: Judge Gary S. Katzmann <br> Court No. 19-00192 |

**TEMPORARY RESTRAINING ORDER EXTENSION**

On November 7, 2019, upon consideration of Plaintiff Invenergy Renewables LLC's ("Invenergy") motion for a temporary restraining order filed on October 22, 2019 (ECF No. 16), the court entered a Temporary Restraining Order ("TRO"), ECF No. 68, restraining the Defendant United States ("the Government"), together with its delegates, officers, agents, servants, and employees, from implementing the Withdrawal of Bifacial Solar Panels Exclusion to the Solar

Products Safeguard Measure, 84 Fed. Reg. 54,244 (USTR Oct. 9, 2019) ("Withdrawal"). Pursuant to CIT R. 65(b)(2), the court may extend a TRO for a like period of time "for good cause."

The court finds good cause to extend the TRO for the following reasons: (1) the factors considered by the court in entering the TRO remain valid at this time; (2) the Government filed a motion to dismiss on November 8, 2019, ECF No. 74, for which the response time has not yet expired, CIT R. 7; (3) AES DE filed a partial consent motion to intervene on November 18, 2019, for which the response time has not yet expired, ECF No. 99, CIT R. 7; and (4) the court held a hearing on Invenergy's motion for a preliminary injunction, ECF Nos. 96, 57, on November 13, 2019, and the motion remains under consideration by the court. Extending the TRO, pursuant to CIT Rule 65(b)(2), will preserve the status quo until the court rules on Invenergy's motion for a preliminary injunction and/or the Government's motion to dismiss. See, e.g., One World Technologies, Inc. v. United States, No. 19-00017, (CIT Feb. 21, 2019) (order extending temporary restraining order) (finding good cause existed to extend a TRO in order to preserve the status quo); Cementos Anahuac Del Golfo, S.A. v. United States, 13 CIT 981, 987, 727 F. Supp. 620, 625 (1989) (same). See also United States v. United Mine Workers of Am., 330 U.S. 258, 310–11 (1947).

On consideration of all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that the Temporary Restraining Order, ECF No. 68, is extended for fourteen days; and it is further

**ORDERED** that Defendants, Office of the United States Trade Representative and the United States Trade Representative, Robert E. Lighthizer, together with its delegates, officers, agents, servants, and employees, shall be temporarily restrained from entering the Withdrawal of

Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure, 84 Fed. Reg. 54,244 (USTR Oct. 9, 2019) ("Withdrawal"), into effect; and it is further

**ORDERED** that Defendants, Office of the United States Trade Representative and the United States Trade Representative, Robert E. Lighthizer, together with its delegates, officers, agents, servants, and employees, shall be temporarily restrained from making any modification to the Harmonized Tariff Schedule of the United States that includes or reflects the Withdrawal; and it is further

**ORDERED** that Defendants, U.S. Customs and Border Protection, its delegates, officers, agents, and employees are hereby temporarily restrained from enforcing or making effective the Withdrawal or any modifications to the Harmonized Tariff Schedule of the United States reflecting or including the Withdrawal; and it is further

**ORDERED** that, pursuant to USCIT Rule 65(c), during the pendency of the TRO, Plaintiff shall continue the bond with the court, in the amount of $1.00; and it is further

**ORDERED** that, pursuant to Rule 65(b), the Extended Temporary Restraining Order shall expire on the earlier of December 5, 2019, or the date upon which this court rules upon Plaintiff's motion for a preliminary injunction.

**SO ORDERED.**

/s/   Gary S. Katzmann
Gary S. Katzmann, Judge

Dated:  November 21, 2019
        New York, New York