United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

February 11, 2020

*Via Email*

John Bowers Brew
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Kevin M. O'Brien
Baker & McKenzie, LLP
815 Connecticut Avenue, NW
Washington, DC 20006

Stephen Tosini
U.S. Department of Justice
Commercial Litigation Branch– Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

John M. Gurley
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006

Matthew R. Nicely
Hughes Hubbard & Reed LLP
1775 I Street, NW, Ste. 600
Washington, DC 20006

Re:   **Invenergy Renewables LLC v. United States**
      **Case No.: 19-00192**
      **Questions for Hearing**

Dear Counselors:

As you know, a hearing in this case will be held on Wednesday, February 12, 2020 at 10:00 a.m. in Courtroom 1 of the James L. Watson Courthouse of the United States Court of International Trade, One Federal Plaza, New York, NY 10278.  The court has examined the parties' briefs and documents and intends to ask counsel the following questions:

**Questions for Plaintiffs**

1. Invenergy previously argued that "if this [c]ourt enjoins the Withdrawal and orders USTR to undertake a notice-and-comment rulemaking process before taking such action again, that will also redress Invenergy's procedural injury, giving it the opportunity to provide its views to USTR, have them considered, and obtain an explanation at least 30 days before any potential increase in tariff rates." Invenergy's Suppl. Br. in Supp. of Pl.'s Mot. for a TRO at 7, Oct. 28, 2019, ECF No. 37. Why doesn't the action taken by USTR provide for this requested relief?

2. What authority supports your position that "this [c]ourt has ongoing exclusive jurisdiction over the <u>imposition of safeguard duties on bifacial panels</u> until it enters a final judgment addressing all of Plaintiffs' claims"? Pls.' Mem. in Supp. of Mot. to Show Cause at 1 (emphasis added), Jan. 30, 2020, ECF No. 132 ("Pls.' Br.").

    a. Why should the court not allow USTR to "unilaterally start[] a new process to consider re-imposing" safeguard duties? <u>See</u> Pls.' Br. at 1.

3. How does the Office of the U.S. Trade Representative's ("USTR") <u>Procedures to Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products</u>, 85 Fed. Reg. 4,756 (Jan. 27, 2020) ("<u>Notice</u>") produce the same "business uncertainty that flows from [the] procedural violation" as implementing the initial <u>Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure</u>, 84 Fed. Reg. 54,244–45 (USTR Oct. 9, 2019) ("<u>Withdrawal</u>") without notice and comment, addressed by the preliminary injunction? Prelim. Inj. Order and Op. at 51, <u>Invenergy Renewables LLC v. United States</u>, 43 CIT __, __, Slip Op. No. 19-00192 (Dec. 5, 2019) ("PI"). <u>See also</u> Pls.' Br. at 5.

    a. The United States ("the Government") claims that "administrative resolution should provide certainty to importers, the domestic industry, and the consuming public regarding the bifacial exclusion." Def.'s Resp. to Invenergy's Mot. to Show Cause at 12, Feb. 7, 2020, ECF No. 139 ("Def.'s Br."). How do you respond?

    b. How would the irreparable harm from deficient procedure identified in the PI constitute continuing irreparable harm if USTR now follows proper procedures under the Administrative Procedure Act ("APA")?

4. Why is the Government prohibited from taking an action that could possibly result in a withdrawal of the <u>Exclusion of Particular Products From the Solar Products Safeguard Measure</u>, 84 Fed. Reg. 27,684 (USTR June 13, 2019) ("<u>Exclusion</u>") without actually implementing or enforcing it? <u>See</u> Pls.' Br. at 2.

    a. How do USTR's actions violate the court's order given your acknowledgement that (1) "the PI will remain in place while the USTR conducts [the] new withdrawal process;" and (2) "under the PI, Defendants may not undertake an administrative proceeding seeking to reinstate the withdrawal prior to adjudication of all of Plaintiffs' claims on the merits"? Pls.' Br. at 5, 8.

    b. What authority supports your contention that "Defendants cannot take <u>a new action</u> to withdraw the Exclusion without violating the PI. USTR's <u>Notice</u> initiates just such an action"? <u>See</u> Pls.' Reply in Supp. of Mot. to Show Cause at 5 (emphasis added), Feb. 11, 2020, ECF No. 143 ("Pls.' Reply"). Does this conflict with the language of the <u>Notice</u>, which calls for comments on proposed actions to include withdrawing, revising, or maintaining the <u>Exclusion</u>? <u>See id.</u> at 3.

5. Plaintiffs contend that "the process provided for by the <u>Notice</u> is very abbreviated." Pls.' Br. at 6. How many days for notice and comment do Plaintiffs claim is required here?

    a. Why "will [it] be difficult for interested persons to make meaningful submissions" under the current timeline? <u>See</u> Pls.' Br. at 6. <u>Cf.</u> Def.-Inter. Hanwha Q Cells USA, Inc. Resp. to Mot. to Show Cause at 7, Feb. 7, 2020, ECF No. 140 ("Def.-Inter.'s Br.").

    b. Are there any cases which require an agency to use the same timeline for notice and comment to rescind a rule as the timeline to implement a rule? Doesn't <u>North Carolina Growers' Association, Inc. v. United Farm Workers</u>, 702 F.3d 755, 770 (4th Cir. 2012), make clear that the same length of time is not required, so long as it is not unduly short? <u>See</u> Pls.' Br. at 8.

6. What authority supports your proposition that the court must supervise a process to re-impose duties on bifacial solar panels? <u>See</u> Pls.' Br. at 8–9.

    a. What authority supports your position that the Government was required to request a remand?

7. Plaintiffs claim that the court should decide this case on the merits before the USTR proceeds with attempting to alter the <u>Exclusion</u>. Pls.' Br. at 9–10. As USTR could decide not to implement a withdrawal, how is this issue ripe for disposition?

    a. What counts of the Complaint, if any, remain assuming arguendo that the <u>Notice</u> complies with the requirements of the APA? Are any of these claims ripe for disposition now? What do Plaintiffs propose as the next steps in this litigation?

    b. The Government claims that the Notice "would likely resolve all, or nearly all, contentions that the parties have raised." Def.'s Br. at 1. How do Plaintiffs respond?

8. What about the Notice implements or enforces the Withdrawal and is thus contrary to the court's PI order? See PI.

9. How do Plaintiffs respond to the Government's contention that Plaintiffs, by asking the court to block the Notice, are asking for the same relief as a final favorable judgment? See Def.'s Br. at 7 (citing Associated Dry Goods Corp. v. United States, 1 CIT 306, 312, 515 F. Supp. 775, 780 (1981)).

10. "In the event that USTR determined [ . . . ] to withdraw the exclusion in whole or in part, entries of bifacial panels that preceded USTR's new determination would not be subject to safeguard duties." Def.'s Br. at 10. Would Plaintiffs still challenge a new withdrawal in this circumstance? How would Plaintiffs' business certainty be affected by such an outcome?

    a. Hanwha Q Cells claims that the Notice attempts to cure the procedural deficiencies of the preliminarily enjoined Withdrawal. Def.-Inter.'s Br. at 5. How do Plaintiffs' respond?

**Questions for Defendant**

1. Plaintiffs contend that the "[c]ourt has ongoing exclusive jurisdiction over the imposition of safeguard duties on bifacial panels until it enters a final judgment addressing all of Plaintiffs' claims." Pls.' Br. at 1. How does the Government respond to this contention?

    a. In its response, the Government seems to contest this by stating that the PI does not cover a new withdrawal or procedure to contemplate a new withdrawal. See Def.'s Br. at 6. Is this Defendants' position?

2. Why is the unilateral imposition of the Notice not an "end-run" around the PI as Plaintiffs claim? See Pls.' Br. at 7.

3. Plaintiffs argue that "under the PI, Defendants may not undertake an administrative proceeding seeking to reinstate the [W]ithdrawal prior to adjudication of all of Plaintiffs' claims on the merits." Pls.' Br. at 8. How does the Government respond to Plaintiffs' position?

4. Is the status quo as preserved by the PI affected by the Notice and further administrative proceedings by USTR?

5. The Government claims that the <u>Notice</u> "would likely resolve all, or nearly all, contentions that the parties have raised." Def.'s Br. at 1. Why is this so?

6. Given the court's finding that USTR likely violated the APA in the first instance, is it permissible for the court to oversee USTR's choice of remedy? Is it required? <u>See, e.g.</u>, <u>Mendoza v. Perez</u>, 72 F. Supp. 3d 168, 170–71 (D.D.C. 2014).

7. Was the Government required to request a remand before moving forward with notice and comment procedures?

    a. How does your position comport with the Federal Circuit's decision in <u>SKF USA, Inc. v. United States</u>, 254 F.3d 1022, 1029 (Fed. Cir. 2001)? <u>See also</u> Pls.' Reply at 5.

8. Is USTR required to provide the same time period in the <u>Notice</u> as it did in implementing the <u>Exclusion</u>?

    a. Is the comment period "very short," as Plaintiffs contend? <u>See</u> Pls.' Reply at 8.

    b. Are there "exigent circumstances" and/or "urgent necessity for rapid administrative action" here? <u>See</u> Pls.' Reply at 8 (citing <u>N. Carolina Growers' Ass'n, Inc. v. United Farm Workers</u>, 702 F.3d 755, 770 (4th Cir. 2012); <u>Omnipoint Corp. v. FCC</u>, 78 F.3d 620, 629–30 (D.C. Cir. 1996)).

    c. The Supreme Court in <u>Hollingsworth v. Perry</u> found:

    > Administrative agencies, for instance, "usually" provide a comment period of "thirty days or more." <u>River-bend Farms, Inc. v. Madigan</u>, 958 F.2d 1479, 1484 (C.A.9 1992); <u>see</u> <u>Petry v. Block</u>, 737 F.2d 1193, 1201 (C.A.D.C.1984) ("[T]he shortest period in which parties can meaningfully review a proposed rule and file informed responses is thirty days").

    558 U.S. 183, 192–93 (2010). Does the schedule provided in the <u>Notice</u> contradict this case law?

    d. What concerns, if any, would the Government have with a notice and comment schedule allowing for thirty days of interested party comments and thirty days of responses, i.e. the same schedule given for notice and comment on the <u>Exclusion</u>?

**Questions for Defendant-Intervenors**

1. "Following the [PI], the USTR abandoned the 'defective' <u>Withdrawal</u>." Def.-Inter.'s Br. at 3. What evidence before the court supports this conclusion? Is this in the <u>Notice</u>?

2. Hanwha Q Cells claims that "[t]his new notice and comment period is a separate action by the USTR and is not related to the Withdrawal." Def.-Inter.'s Br. at 9.  Is it not at all related and thus not under the court's jurisdiction?  Is this true even if the USTR concludes that a new withdrawal is warranted?

Please feel free to address any other issues you feel are important.  If you will be requesting a closed courtroom for the hearing (or for portions), please inform my case manager, Geoffrey Goell.

Sincerely,

/s/ *Gary* S. *Katzmann*
Gary S. Katzmann
Judge