Slip Op. 20-19

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INVENERGY RENEWABLES LLC, <br><br> Plaintiff, <br><br> and <br><br> SOLAR ENERGY INDUSTRIES ASSOCIATION, CLEARWAY ENERGY GROUP LLC, EDF RENEWABLES, INC. and AES DISTRIBUTED ENERGY, INC., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES OF AMERICA, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, UNITED STATES TRADE REPRESENTATIVE ROBERT E. LIGHTHIZER, U.S. CUSTOMS AND BORDER PROTECTION, and ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION MARK A. MORGAN, <br><br> Defendants, <br><br> and <br><br> HANWHA Q CELLS USA, INC. and AUXIN SOLAR, <br><br> Defendant-Intervenors. | Before: Judge Gary S. Katzmann <br> Court No. 19-00192 |

# **OPINION**

[Plaintiffs' Motion to Show Cause as to Why the Court Should Not Enforce the Preliminary Injunction is denied.]

Dated: <u>February 14, 2020</u>

John Brew and Larry Eisenstat, Crowell & Moring LLP, of Washington, DC, argued for plaintiff, *Invenergy Renewables LLC* and plaintiff-intervenors, *Clearway Energy Group LLC* and *AES Distributed Energy, Inc*. With them on the brief were Kathryn L. Clune, Robert LaFrankie, and Amanda Shafer Berman.

Matthew R. Nicely, Hughes Hubbard & Reed LLP, of Washington, DC, argued for plaintiff-intervenor, *Solar Energy Industries Association.*

Kevin M. O'Brien and Christine M. Streatfeild, Baker & McKenzie LLP, of Washington, DC, argued for plaintiff-intervenor, *EDF Renewables, Inc.*

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendants. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director.

John M. Gurley, and Friederike S. Görgens, Arent Fox LLP, of Washington, DC, argued for defendant-intervenors. With them on the brief was Diana Dimitriuc Quaia.

  Katzmann, Judge: In this sequel to its prior order and accompanying opinion, Prelim. Inj. Order and Op., Invenergy Renewables LLC v. United States, 43 CIT __, __, Slip Op. No. 19-00153 (Dec. 5, 2019), ECF No. 113 ("PI"), the court now returns to a challenge to an agency action taken by the Office of the United States Trade Representative ("USTR") regarding the exclusion of safeguard duties on bifacial solar panels. Plaintiff Invenergy Renewables LLC ("Invenergy"), joined by Plaintiff-Intervenors Solar Energy Industries Association ("SEIA"), Clearway Energy Group LLP ("Clearway"), EDF Renewables, Inc. ("EDF-R"), and AES Distributed Energy, Inc. ("AES DE") (collectively, "Plaintiffs"), filed a motion for a preliminary injunction to enjoin the United States, USTR, U.S. Trade Representative Robert E. Lighthizer, U.S. Customs and Border Protection ("CBP"), and CBP Acting Commissioner Mark A. Morgan (collectively "the Government") from implementing the Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure, 84 Fed. Reg. 54,244–45 (USTR Oct. 9, 2019) available at https://www.federalregister.gov/documents/2019/10/09/2019-22074/withdrawal-of-bifacial-

solar-panels-exclusion-to-the-solar-products-safeguard-measure ("Withdrawal"). Invenergy's Mot. for Prelim. Inj., Nov. 1, 2019, ECF No. 49. The court granted the motion on December 5, 2019, observing in its prior opinion that "[t]he Government must follow its own laws and procedures when it acts." PI at 4. Before the court now is Plaintiffs Invenergy, Clearway, and AES DE's Motion to Show Cause as to Why the Court Should Not Enforce the Preliminary Injunction, Jan. 30, 2020, ECF No. 132 ("Motion"), alleging that the Government's publication of Procedures to Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products, 85 Fed. Reg. 4,756–58 (USTR Jan. 27, 2020) available at https://www.federalregister.gov/documents/2020/01/27/2020-01260/procedures-to-consider-retention-or-withdrawal-of-the-exclusion-of-bifacial-solar-panels-from-the- ("Notice"), violates the court's PI. For the reasons discussed below, the court denies Plaintiffs' Motion.

## BACKGROUND

The court presumes familiarity with its opinion accompanying the preliminary injunction order,[1] and now only briefly addresses the relevant legal and procedural background. See PI.

Through Presidential Proclamation 9693 issued on January 23, 2018, the President imposed safeguard duties, designed to protect domestic industry, on imported monofacial and bifacial solar panels but delegated authority to USTR to exclude products from the duties. 83 Fed. Reg. 3,541–50 available at https://www.federalregister.gov/documents/2018/01/25/2018-01592/to-facilitate-positive-adjustment-to-competition-from-imports-of-certain-crystalline-silicon ("Presidential Proclamation"). After a lengthy notice and comment process through which USTR considered requests for exclusions, USTR decided to exclude bifacial solar panels from

---

[1] The full order and accompanying opinion are available at: https://www.cit.uscourts.gov/sites/cit/files/19-153.pdf.

safeguard duties. Exclusion of Particular Products From the Solar Products Safeguard Measure, 84 Fed. Reg. 27,684–85 (June 13, 2019) available at https://www.federalregister.gov/documents/2019/06/13/2019-12476/exclusion-of-particular-products-from-the-solar-products-safeguard-measure ("Exclusion"). Four months later, however, USTR published the Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure, 84 Fed. Reg. 54,244–45 (USTR Oct. 9, 2019) ("Withdrawal"). Absent the PI, the Withdrawal would have reinstituted safeguard duties on certain bifacial solar panels, with only nineteen days' notice to the public, without an opportunity for affected or interested parties to comment, and without a developed public record on which to base its decision. Id. The Withdrawal explained that, "[s]ince publication of [the Exclusion] notice, the U.S. Trade Representative has evaluated this exclusion further and, after consultation with the Secretaries of Commerce and Energy, determined it will undermine the objectives of the safeguard measure." Id. at 54,244.

Plaintiff Invenergy initiated this case in response to the Withdrawal. Summons, Oct. 21, 2019, ECF No. 1; Invenergy's Compl., Oct. 21, 2019, ECF No. 13.[2] The Government subsequently moved for, and the court allowed, USTR to delay the effective date of the Withdrawal to November 8, 2019. Oct. 25, 2019, ECF Nos. 23, 29. The court then issued a TRO, Nov. 7, 2019, ECF No. 68, and later a PI enjoining the Government from implementing or enforcing the Withdrawal, including by amending the Harmonized Tariff Schedule of the United States ("HTSUS"), "until entry of final judgment as to Plaintiffs' claims against Defendants in this case,"

---

[2] Throughout the course of this case, several parties moved to intervene as plaintiff- or defendant-intervenors. See PI at 11–14. Since the PI was issued, Auxin Solar, a domestic manufacturer of solar panels, also moved to intervene. Consent Mot. to Intervene as Def.-Inter., Feb. 7, 2020, ECF No. 136. The court granted Auxin Solar's motion on February 10, 2020. ECF No. 141.

PI at 57.  In so ruling, the court held that the <u>Withdrawal</u> of the <u>Exclusion</u> by the Government, without appropriate notice and comment, likely violated the Administrative Procedure Act, <u>id.</u> at 42, and likely was arbitrary and capricious, <u>id.</u> at 44.  The court ordered that the parties confer and submit a proposed briefing schedule.  <u>Id.</u> at 58.

On December 19, 2019, Plaintiffs filed the first of four motions for an extension of time to file the proposed briefing scheduling.  Pls.' Mot. for an Ext. of Time, ECF No. 118.  The motion stated that the parties believed they had reached an agreement in principle which would resolve the case and asked for additional time to finalize their agreement.  <u>Id.</u> at 1–2.  The court granted this motion on December 20, 2019.  ECF No. 119.  The Plaintiffs filed, and the court granted, three additional extensions of time based on the same attempt by parties to resolve this case.  Pls.' Mot. for Ext. of Time, Dec. 27, 2019, ECF No. 121; Order Granting Mot., Dec. 27, 2019, ECF No. 122; Pls.' Mot. for Ext. of Time, Jan. 3, 2020, ECF No. 123; Order Granting Mot., Jan. 3, 2020, ECF No. 124; Pls.' Mot for Ext. of Time, Jan. 17, 2020, ECF No. 125; Order Granting Mot., Jan. 17, 2020, ECF No. 126.

On January 21, 2020, the Government filed a Motion for Leave to File a Status Report and Status Report notifying the court and the other parties in the present case of its publication of "a notice in the Federal Register, requesting interested party comment regarding whether to withdraw the exclusion from the safeguard measure pursuant to section 201 of the Trade Act of 1974, 19 U.S.C. § 2251, <u>et seq.</u>, for bifacial solar panels contained in <u>Exclusion</u>."  ECF No. 129.  The court granted the Government's motion on January 24, 2020.  ECF No. 130.  The <u>Notice</u> was published three days later, thus initiating the comment period.  The <u>Notice</u> acknowledged the court's PI "enjoining the U.S. Trade Representative from withdrawing the exclusion on bifacial solar panels from the safeguard measure.  If the U.S. Trade Representative determines after receipt of

comments pursuant to this notice that it would be appropriate to withdraw the bifacial exclusion or take some other action with respect to the exclusion, the U.S. Trade Representative will request that the Court lift the injunction." Notice at 4,756. The Notice provided a deadline for comments of February 17, 2020 and for responses to those comments of February 27, 2020. Id. at 4,757.

In response, Plaintiffs filed the present Motion on January 30, 2020. Plaintiffs asked the court to "order Defendants to show cause as to why it should not enforce the PI by ordering USTR to cease proceedings under the Notice, and instead proceed to briefing on Plaintiffs' substantive and procedural claims." Mem. in Supp. of Mot. to Show Cause as to Why the Court Should Not Enforce the PI at 12, Jan. 30, 2020, ECF No. 132 ("Pls.' Br."). The court ordered Defendants to respond, Jan. 31, 2020, ECF No. 133, which the Government did on February 7, 2020, Def.'s Resp. to Invenergy's Mot. to Show Cause and Mot. to Vacate Withdrawal and Dismiss Case as Moot, ECF No. 139 ("Def.'s Br."). In its response, the Government requested that the court deny Plaintiffs' motion. Def.'s Br. at 14. The Government included with its response a motion to vacate the Withdrawal and to dismiss the case as moot.³ Id. at 1. Defendant-Intervenor Hanwha Q Cells ("Q Cells") also requested the court deny the Motion. Def.-Inter. Hanwha Q Cells USA, Inc. Resp. to Mot. to Show Cause at 11, ECF No. 140 ("Def.-Inter.'s Br."). Plaintiffs replied on February 11, 2020. ECF No. 143. The court held a hearing on Plaintiffs' Motion on February 12, 2020. ECF No. 145. Parties then filed supplemental briefs. Pls.' Suppl. Submiss'n in Supp. of Mot. to Show Cause as to Why the Court Should Not Enforce the Prelim. Inj., Feb. 13, 2020, ECF No. 147; Def.'s Resp. to Ct. Order, Feb. 13, 2020, ECF No. 146; Def.-Inter. Hanwha Q Cells USA, Inc. Resp. to Ct. Order, Feb. 13, 2020, ECF No. 148.

---

³ The Government's motion for vacatur and dismissal have not been fully briefed by the parties. The court thus does not reach that motion here.

## DISCUSSION

Before the court is Plaintiffs' Motion challenging the USTR's Notice, in which the USTR "seek[s] public comment on whether the U.S. Trade Representative should maintain the exclusion of bifacial solar panels from the safeguard measure, withdraw the exclusion, or take some other action within his authority with respect to this exclusion," Notice at 4,756. Plaintiffs argue that the Notice violated the PI. Pls.' Br. at 7. Plaintiffs contend that the Government "failed to comply with [the court's] prohibition" on "'making effective,' 'enforcing,' or taking any action 'reflecting or including' the withdrawal of the bifacial panel Exclusion 'until entry of a final judgment as to the Plaintiffs' claims against Defendants in this case.'" Id. (quoting PI at 57). Plaintiffs characterize the Notice as "a new process intended to consider withdrawal of the exclusion before the parties have briefed, and the [c]ourt has decided, all of the claims raised . . . ." Id. Plaintiffs further claim that the Notice constitutes an attempt "to end-run [the PI] by pursuing another withdrawal through a new administrative process prior to final adjudication of all of Plaintiffs' claims on the merits." Id. (citations omitted).

The Government responds that "USTR did not, and has not, violated the [c]ourt's preliminary injunction." Def.'s Br. at 6. The Government states that the PI enjoins USTR and CBP from (1) "entering the Withdrawal into effect"; (2) "making any modification to the [HTSUS] that includes or reflects the Withdrawal"; and (3) "enforcing or making effective the Withdrawal or any modifications to the [HTSUS] reflecting or including the Withdrawal." Id. (quoting PI at 57). The Government contends that the Notice violates none of these injunctive orders, as the Notice (1) "does nothing to enter the [Notice] into effect; (2) "in no way makes any modification to the HTSUS"; and (3) does not "enforce[] or make[] effective the withdrawal of the bifacial panel exclusion contemplated by the [Notice]." Id. The Government argues that the PI is not so broad

as "to prevent USTR from taking any action that relates to bifacial products." Id. at 9. Further, the Government notes that "USTR's notice acknowledged that the USTR was subject to the [c]ourt's injunction and that USTR would 'request that the [c]ourt lift the injunction' before USTR takes any action to withdraw the bifacial exclusion." Id. at 6 (quoting Notice at 4,756).

The court is unpersuaded by Plaintiffs' contention that the USTR's Notice violated the court's December 5, 2019 PI. The PI enjoined the Government (1) "from entering the Withdrawal into effect," (2) "from making any modification to the [HTSUS] that includes or reflects the Withdrawal," and (3) "from enforcing or making effective the Withdrawal or any modifications to the [HTSUS] reflecting or including the Withdrawal." PI at 57. This order remains effective "from the date of issuance of this order [on December 5, 2019] until entry of final judgment as to Plaintiffs' claims against Defendants in this case." Id. The court retains jurisdiction to interpret and enforce its own orders. See, e.g., In re Shenango Group, 501 F.3d 338 (3rd Cir. 2007); In re Tomlin, 105 F.3d 933 (4th Cir. 1997). The court concludes that the Government's Notice did not violate the text of that order because the Notice does not (1) implement the Withdrawal; (2) modify the HTSUS; or (3) enforce or make effective the Withdrawal or modifications to the HTSUS related to the Withdrawal. The Notice does not constitute a final decision to implement the previous or any new withdrawal of the Exclusion of bifacial solar panels. Instead, the Notice sets forth procedures for USTR to receive public comments regarding either the "[r]etention" or the "[w]ithdrawal" of the Exclusion. Notice at 4,756 (inviting "Comments on the Retention or Withdrawal of the Exclusion of Bifacial Solar Panels"). Thus, no new decision to implement a withdrawal is currently before the court. Therefore, the court is not persuaded that the Government has violated the PI; the Motion thus cannot succeed.

Further, the court does not now decide the Government's motion to vacate the <u>Withdrawal</u> and to dismiss the case. <u>See</u> Def.'s Br. at 1. Plaintiffs are entitled to respond to the Government's motion, to which the Government may also reply, under the rules of the court. In the meantime, the court retains exclusive jurisdiction over the implementation, enforcement, or modification of the October 19, 2019 <u>Withdrawal</u> until such date as a final judgment is entered in this case.

## CONCLUSION

For the reasons discussed above, the court concludes that the Government has not violated the PI, and Plaintiffs' Motion is denied.

**SO ORDERED.**

<u>/s/   Gary S. Katzmann</u>
Gary S. Katzmann, Judge

Dated: <u>February 14, 2020</u>
          New York, New York