IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| INVENERGY RENEWABLES LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SOLAR ENERGY INDUSTRIES ASSOC., | ) | Court No. 19-00192 |
|     Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
|     Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HANWHA Q CELLS USA, INC., | ) | |
|     Defendant-Intervenor. | ) | |

## **ORDER**

Pursuant to defendants' motion to dissolve the preliminary injunction dated December 5, 2019, ECF No. 114, and all other pertinent papers, it is hereby

ORDERED the motion is GRANTED and, it is further

ORDERED that the preliminary injunction in this case, ECF No. 114, is dissolved, effective immediately.


Dated: _____                                          _____
    New York, NY                                                                                  JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| INVENERGY RENEWABLES LLC,<br>    Plaintiff,<br><br>and<br><br>SOLAR ENERGY INDUSTRIES ASSOC.,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES, *et al.*,<br>    Defendants,<br><br>and<br><br>HANWHA Q CELLS USA, INC.,<br>    Defendant-Intervenor. | Court No. 19-00192 |

## DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTOIN

Pursuant to Rule 60(b)(5) of the Rules of this Court, defendants respectfully move to dissolve the Court's preliminary injunction in this case because the United States Trade Representative (USTR) has cured the sole reason for which the injunctive relief was granted ECF Nos. 113, 114. On December 5, 2019, the Court enjoined the Government from withdrawing an exclusion of bifacial solar products from the section 201, 19 U.S.C. § 2251, *et seq.*, safeguard measure imposed by the President on imports of solar products. Order, ECF No. 114. In response to the order, the United States Trade Representative (USTR) conducted a new proceeding which provided an opportunity for notice and comment including providing notice in the Federal Register, sufficient time for interested parties to submit initial and responsive comments, and for USTR to review approximately 64 sets of comments consisting of thousands

of pages of evidence. These actions provided the procedural steps that the Court identified as necessary, and therefore, the Government respectfully moves for the Court to dissolve its preliminary injunction under Rule 60(b)(5).

## BACKGROUND

I.  **Presidential Action And USTR Procedures**

To address the serious injury to the domestic solar industry caused by increased imports, the President implemented a "safeguard measure" under section 201 of the Trade Act of 1974 (19 U.S.C. § 2251, *et seq.*) (Section 201) through *Proclamation 9693*, 83 Fed. Reg. 3,541 (Jan. 23, 2018). Proclamation 9693 established additional tariffs on imports of solar products and delegated to USTR authority to grant the "exclusion of a particular product from the safeguard measure" if "the USTR determines, after consultation with the Secretaries of Commerce and Energy, that a particular product should be excluded." *Id*. ¶ 12.

Subsequently, USTR published procedures for interested persons to seek exclusions from the safeguard measure. *Procedures to Consider Additional Requests for Exclusion of Particular Products From the Solar Products Safeguard Measure*, 83 Fed. Reg. 6,670-72 (USTR Feb. 14, 2018) (*Exclusion Procedures*). The *Exclusion Procedures* established that USTR would provide the opportunity to comment on exclusion requests. *Id*.

Certain interested persons requested exclusion of "bifacial" panels, which consist of cells that convert sunlight into electricity on both the front and back of the cells. *Invenergy Renewables LLC v. United States*, 422 F. Supp. 3d 1255, 1268 (Ct. Int'l Trade 2019). After USTR granted the exclusion, certain domestic producers of solar products objected, arguing the exclusion would cause harm by allowing increased imports, and requested that USTR withdraw the exclusion. USTR did not publish a notice that it was considering withdrawal of the

exclusion. *Id*. USTR ultimately determined to withdraw the exclusion. *Id*. (citing *Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure*, 84 Fed. Reg. 54,244-45 (USTR Oct. 9, 2019) (*Withdrawal*)).

## II.   Court Proceeding

Invenergy Renewables LLC, a U.S. purchaser of imported bifacial panels for installation in utility-scale solar projects, moved for a preliminary injunction to set aside the withdrawal. After an evidentiary hearing in which an Invenergy executive testified, the Court entered a preliminary injunction on December 5, 2019.

After finding that Invenergy possessed standing, the Court held that Invenergy had satisfied the four factors for preliminary injunctive relief. With regard to likelihood of success, the Court reasoned that USTR's exclusion decisions under Section 201 – including the decision to withdraw an exclusion – constituted rulemaking subject to the Administrative Procedure Act (APA), 5 U.S.C. § 553, because "[t]he President delegated the authority to USTR to decide its procedures for the implementation of exclusions [and] USTR then published its procedures in the Federal Register, inviting 'interested persons to submit comments identifying a particular product for exclusion from the safeguard measure and providing reasons why the product should be excluded.'" *Invenergy*, 422 F. Supp. 3d at 1285 (quoting *Exclusion Procedures*, 84 Fed. Reg. at 6,671). The Court held that USTR did not follow certain APA procedures and, thus, plaintiffs possessed a likelihood of success on the merits in their challenge to the *Withdrawal*.

The parties fully briefed all issues raised by plaintiffs with respect to likelihood of success but the Court did not reach those issues. *Id*. at 1281.

### III.   <u>USTR's Request for Public Comment And *Determination*</u>

In response to the Court's instructions, USTR issued a Federal Register notice seeking "public comment on whether [he] should maintain the exclusion of bifacial solar panels from the safeguard measure, withdraw the exclusion, or take some other action within his authority with respect to this exclusion." *Procedures To Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products*, 85 Fed. Reg. 4,756 (USTR, Jan. 27, 2020) (*Notice*).  There, USTR identified the criteria that it would assess to determine whether to retain, withdraw, or take other action with respect to the bifacial exclusion, set forth a schedule for interested persons to submit comments and rebuttal comments to USTR, and allowed for the submission and protection of business confidential evidence during the proceeding.  *Id*. at 4,757.

USTR submitted the final results of that proceeding to the Federal Register for publication on April 14, 2020, and it was posted for public inspection on April 16, 2020. https://s3.amazonaws.com/public-inspection.federalregister.gov/2020-08189.pdf (*Determination*).  In response to the Court's preliminary conclusion that repealing the withdrawal of the exclusion "requires rulemaking subject to [Administrative Procedure Act] APA notice and comment," *Invenergy*, 422 F. Supp. 2d at 1285 (citing *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 100 (2015)), USTR "opened a public docket," *Determination* at 4, and received 15 comments regarding the bifacial exclusion and 49 subsequent comments responding to the initial comments.  *Id*. at 6.  The Trade Representative based the *Determination* on the comments and evidence received.  *Determination* at 6.  The Trade Representative also evaluated the March 2020 report of the U.S. International Trade Commission, issued in response to

USTR's request for advice regarding potential modifications to the safeguard measure, and concluded that it supports the determination. *Determination* at 6.

With this basis, USTR made the following findings:

1. Global capacity to produce bifacial solar panels is likely to increase significantly over the next three years.

2. As bifacial solar panel production currently is low in the United States, and the vast majority of bifacial solar panel capacity is foreign, allowing import of bifacial solar panels free of safeguard tariffs disincentivizes U.S. producers from converting existing monofacial production to bifacial production or opening new bifacial production.

3. Imports of bifacial solar panels were rising even before the bifacial exclusion and continued to increase after the exclusion.

4. Demand both globally and domestically for bifacial solar panels is likely to increase significantly for at least the next three years.

5. The cost of producing bifacial solar panels is not more than 10 percent higher than the cost of producing monofacial panels.

6. Bifacial solar panels and monofacial solar panels are substitutes from the perspective of utilities planning solar generating facilities in locations where both are cost-competitive with conventional forms of energy.

7. Bifacial solar panels are expected to offer a 5 to 10 percent improvement in energy output over a same-size monofacial panel, and removing the safeguard tariff will enable their sale for prices below those of monofacial panels, which will depress prices for monofacial panels.

8. The proposed TRQ for bifacial solar panels would allow importation of massive quantities of bifacial solar panels and therefore would duplicate the negative effects of the bifacial exclusion.

9. Competition from low-priced imports prevented domestic producers from selling significant quantities of solar panels in the utility segment during the ITC's original investigation period, and low-priced imports of bifacial solar panels due to the exclusion are likely to have a similar effect under current market conditions.

*Id*. at 7-8.

The Trade Representative also concluded that bifacial solar panels are an innovative technology that represents a major area of growth for all producers of solar products and the exclusion of these products from the safeguard measure was "hindering the domestic industry's adjustment to import competition." *Id*. at 8. The Trade Representative therefore "determined that the bifacial exclusion is undermining the objective of the safeguard measure on solar products, does not meet the criteria for a legitimate exclusion, and should be withdrawn." *Id*. The *Determination* provided that the withdrawal will apply to imported panels if the Court lifts the preliminary injunction but in no case earlier than 30 days after publication in the Federal Register. *Id*. at 2.

## ARGUMENT

**I.    Standard Of Review**

The Court applies Rule 60(b)(5) in determining whether to dissolve a preliminary injunction. Under Rule 60(b)(5), the Court must modify an order or judgment if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." "A change in operative fact may serve as a basis for vacating a preliminary injunction." *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008) (citing *Agostini v. Felton*, 521 U.S. 203, 215 (1997); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). Indeed, it "is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction . . . can show a 'significant change either in factual conditions or in law.'" *Agostini*, 521 U.S. at 215 (quoting *Rufo*, 502 U.S. at 384). In fact, "modification 'is required where there has been a significant change either in factual conditions or in law.'" Gov*'t of Province of Manitoba v.*

6

*Zinke*, 849 F.3d 1111, 1117 (D.C. Cir. 2017) (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 122 (4th Cir. 2000)).

## II.     The Court Should Dissolve Its Preliminary Injunction

There has been a significant change in 'factual conditions" that warrants dissolution of the preliminary injunction.  The *Determination* has cured the sole basis – failure to comply with the notice and comment provisions of the APA – for the Court's finding that plaintiffs were likely to succeed in their challenge of the original withdrawal of the bifacial exclusion.  *DUSA Pharm., Inc. v. River's Edge Pharm., LLC*, No. 06-1843SRC, 2007 WL 748448, at *2 (D.N.J. Mar. 7, 2007), is instructive on this point.  In that patent case, the plaintiff obtained a preliminary injunction preventing the defendant from manufacturing the plaintiff's patented drug.  While the action was pending, the Patent and Trademark Office decided to reexamine the subject patent and issued a preliminary finding that the patent's claims were invalid.  The defendant thus sought to have the district court dissolve the preliminary injunction due to this changed circumstance.  The court agreed that this "changed circumstance[] . . . justif[ied] the dissolution of the preliminary injunction."

In this case, as in *DUSA*, USTR's *Determination* is an intervening changed circumstance that negates the necessary condition for injunctive relief that plaintiffs are "likely to succeed on the merits."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also DUSA*, 2007 WL 748448, at *2 (revisiting plaintiff's "demonstration of likelihood of success on the merits" under Federal Circuit law in light of changed circumstance).

Further, the *Determination* is an entirely new action that is entitled to a presumption of regularity and has not yet been challenged by any party.  Before concluding that the *Determination* is unlikely to be sustained, the Court "must 'consider whether the decision was

based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Co-Steel Raritan, Inc. v. Int'l Trade Comm'n*, 357 F.3d 1294, 1309 (Fed. Cir. 2004) (quoting *Texas Crushed Stone Co. v. United States*, 35 F.3d 1535, 1540 (Fed. Cir. 1994); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)); *see also Universal Elecs. Inc. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997) (presumption of correctness applies to U.S. Customs and Border Protection classification decisions). Absent such a conclusion, the injunction is left without its primary support. In sum, there is no basis to assume that the *Determination* is unlawful and to maintain the extraordinary remedy of injunctive relief. Rather, plaintiffs have the burden to show on the merits why the United States should continue to be enjoined. As a result, the Court should not evaluate the merits of the *Determination* before dissolving its injunction. Rather, the *Determination* is presumptively correct and the Government should not be enjoined unless and until a Court concludes that a party is likely to succeed on the merits in a claim seeking to set aside the *Determination*.

      Finally, the fact that plaintiffs have raised other issues that the Court has not yet addressed is not a reason to continue the extraordinary remedy of a preliminary injunction, where the sole basis for finding a likelihood of success no longer exists. In any event, the parties have fully briefed and argued all legal issues raised in the plaintiffs' complaint, both in addressing plaintiffs' motion for a preliminary injunction, ECF No. 49, as well as briefing and presenting oral argument regarding the sufficiency of the procedures that USTR promulgated in its *Notice*. *See*, *e.g*., Pl. Rep., ECF No. 142 at 7-11. Accordingly, all issues are ripe for the Court to issue a final decision, and no preliminary injunction is needed. But "at some point briefing must come to an end." *Loveladies Harbor, Inc. v. United States*, 15 Cl. Ct. 375, 376 n. 1 (1988).

For these reasons, defendants respectfully request that the Court dissolve the preliminary injunction.

                                                         Respectfully Submitted,

                                                         JOSEPH H. HUNT
                                                         Assistant Attorney General

                                                         JEANNE E. DAVIDSON
                                                         Director

                                                         /s/  TARA K. HOGAN
                                                         Assistant Director

                                                         /s/  STEPHEN C. TOSINI
                                                         Senior Trial Counsel
                                                         Department of Justice
                                                         Civil Division
                                                         Commercial Litigation Branch
                                                         P.O. Box 480, Ben Franklin Station
                                                         Washington, DC 20044
                                                         Tel.: (202) 616-5196

April 17, 2020                                          Attorneys for Defendant United States

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains 2,219 words, excluding any materials excluded from those Procedures' requirements, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Stephen C. Tosini