# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INVENERGY RENEWABLES LLC,<br><br>Plaintiff,<br><br>and<br><br>SOLAR ENERGY INDUSTRIES ASSOCIATION, CLEARWAY ENERGY GROUP LLC, EDF RENEWABLES, INC. and AES DISTRIBUTED ENERGY, INC.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES OF AMERICA, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, UNITED STATES TRADE REPRESENTATIVE ROBERT E. LIGHTHIZER, U.S. CUSTOMS AND BORDER PROTECTION, and ACTING COMMISSIONER OF U.S. CUSTOMS and BORDER PROTECTION MARK A. MORGAN,<br><br>Defendants,<br><br>and<br><br>HANWHA Q CELLS USA, INC. and AUXIN SOLAR, INC,<br><br>Defendant-Intervenors. | Before: Judge Gary S. Katzmann<br>Court No. 19-00192 |

## TEMPORARY RESTRAINING ORDER EXTENSION

On October 24, 2020, upon consideration of the Emergency Motion to Modify Preliminary Injunction or, in the Alternative, Enter a Temporary Restraining Order, October 20, 2020, ECF No. 263, filed by Plaintiff Invenergy Renewables LLC and Plaintiff-Intervenors Clearway Energy Group LLC, AES Distributed Energy Inc., EDF Renewables Inc., and the Solar Energy Industries Association (collectively, "Plaintiffs"), the court entered a Temporary Restraining Order ("TRO"),

ECF No. 270, restraining the Defendant United States, together with its delegates, officers, agents, servants, and employees, from making any modification to the Harmonized Tariff Schedule of the United States that includes or reflects <u>Proclamation 10101 of October 10, 2020, To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)</u>, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("<u>Proclamation 10101</u>"), insofar as it relates to bifacial solar panels or bifacial panels. Pursuant to USCIT R. 65(b)(2), the court may extend a TRO for a like period of time "for good cause."

The court finds good cause to extend the TRO for the following reasons: (1) the factors considered by the court in entering the TRO remain valid at this time; (2) Plaintiffs filed a motion for leave to file second supplemental complaints on October 17, 2020, ECF No. 257, for which the court received responses on November 3, 2020; and (3) the court held a hearing on Plaintiffs' motion to modify the preliminary injunction motion on November 5, 2020, and the motion remains under consideration by the court. Extending the TRO, pursuant to USCIT Rule 65(b)(2), will preserve the status quo until the court rules on Plaintiffs' motion to modify the preliminary injunction. See, e.g., <u>One World Tech., Inc. v. United States</u>, No. 19-00017, (CIT Feb. 21, 2019) (order extending temporary restraining order) (finding good cause existed to extend a TRO in order to preserve the status quo); <u>Cementos Anahuac Del Golfo, S.A. v. United States</u>, 13 CIT 981, 987, 727 F. Supp. 620, 625 (1989) (same). See also <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 310–11 (1947).

On consideration of all papers and proceedings had herein, and upon due deliberation, it is hereby:

**ORDERED** that the Temporary Restraining Order, ECF No. 270, is extended for fourteen

days; and it is further

**ORDERED** that Defendants, together with their delegates, officers, agents, servants, and employees, shall be temporarily restrained from making any modification to the Harmonized Tariff Schedule of the United States that includes or reflects Proclamation 10101, insofar as it relates to bifacial solar panels or bifacial panels; and it is further

**ORDERED** that Defendant U.S. Customs and Border Protection, together with its delegates, officers, agents, and employees, is hereby temporarily restrained from enforcing or making effective Proclamation 10101 insofar as it relates to bifacial solar panels or bifacial panels or any modifications to the Harmonized Tariff Schedule of the United States reflecting or including Proclamation 10101 insofar as it relates to bifacial solar panels or bifacial panels; and it is further

**ORDERED** that, pursuant to USCIT Rule 65(c), during the pendency of the TRO, Plaintiffs shall continue the bond with the court, in the amount of $1.00; and it is further

**ORDERED** that, pursuant to Rule 65(b), the Extended Temporary Restraining Order shall expire on the earlier of November 21, 2020, or the date upon which this court rules upon Plaintiffs' motion to modify the preliminary injunction.

**SO ORDERED.**

/s/  Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: November 6, 2020
New York, New York