United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

June 2, 2021

John Brew
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Kevin M. O'Brien
Baker & McKenzie, LLP
815 Connecticut Avenue, NW
Washington, DC 20006

Stephen C. Tosini
U.S. Department of Justice
Commercial Litigation Branch– Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Matthew R. Nicely
Akin, Gump, Strauss, Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006

Re:   **Invenergy Renewables LLC v. United States**
      Court No.: 19-00192
      Questions for Oral Argument

Dear Counselors:

In light of the current COVID-19 pandemic, oral argument in this case will be held remotely via WebEx, in lieu of a proceeding at the courthouse, on Tuesday, June 15, 2021 at 11:00 a.m.  The court will provide dial-in information to the parties.  Information on how the public can listen to open proceedings can be found on the court's website under "Upcoming Court Proceedings Accessible via Teleconference"(https://www.cit.uscourts.gov/upcoming-court-proceedings-accessible-teleconference).  The argument, if public and not closed, will be recorded and made available to the public via the court's website.  If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, no later than close of business, Friday, June 11, 2021.  The court encourages the parties to maintain a public argument, if possible.

The court has examined the parties' briefs and documents and would like counsel to submit answers in writing to the court's questions for oral argument by close of business on Friday, June 11, 2021. Parties shall file public and, if necessary, confidential versions of their answers, of not more than twenty pages. The oral argument shall be dedicated only to rebuttal arguments to the answers filed by opposing counsel on Friday, June 11, 2021. The court will also permit but not require brief opening statements. Presentations shall not exceed twenty-five (25) minutes for the plaintiffs and twenty-five (25) minutes for the defendant.

I. **Questions to Plaintiff Invenergy Renewables LLC and Plaintiff-Intervenors Solar Energy Industries Association, Clearway Energy Group LLC, EDF Renewables, Inc., and AES Distributed Energy Inc. (collectively, "Plaintiffs")**

1. Must the court address your claims that USTR acted without proper statutory or delegated authority if the court determines that vacatur under the APA would be an appropriate remedy?

2. If, as you contend, the Government waived the defense of USTR's statutory authority to withdraw an exclusion, does the court need to independently analyze this issue or is waiver a sufficient basis for concluding that the Determination on the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products, 85 Fed. Reg. 21,497–99 (USTR Apr. 17, 2020) ("Second Withdrawal"), should be vacated for lack of statutory authority?

    a. If the court agrees that the Government waived arguments in defense of USTR's authority at this stage, could the court nonetheless refer to the Government's previous arguments regarding USTR's authority to withdraw an exclusion?

3. The Government claims that the "APA does not require [USTR] to address every comment received by an interested party." Def.'s Resp. to Pls.' Mot. for J. on the Admin. R. at 29, Mar. 12, 2021, ECF No. 307 ("Def.'s Br."). What is the standard by which a comment rises to the level of a significant comment that must be addressed by the agency? Are significant comments limited to points the agency requested comment on? See id. at 38.

4. Would the court have to re-weigh record evidence in order to agree with your contention that "[t]he pecuniary benefits of the [Second Withdrawal] to that sole manufacturer do not outweigh the costs of 19,500 lost jobs," Pls.' Mot. for J. on the Admin. R. at 55, Feb. 5, 2021, ECF No. 302 ("Pls.' Br."); or is your position that USTR was required to more fully explain its weighing of the evidence?

5. You argue that Section 203's prohibition on new safeguard actions on articles previously subject to safeguard actions includes discrete products like bifacial solar panels. Id. at 67–68. Does this position have an analogue in the statute or exclusion procedures governing Section 232 or Section 301 actions?

6. If the court concludes that the withdrawal procedures outlined in the Procedures to Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products, 85 Fed. Reg. 4,756–58 (USTR Jan. 27, 2020) ("January 2020 Notice"), were impermissibly issued outside the 30-day deadline set in

    Presidential Proclamation 9693 To Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products) and for Other Purposes, 83 Fed. Reg. 3,541–51 (Jan. 23, 2018) ("Proclamation 9693"), would vacatur of the January 2020 Notice be required?

7. Why shouldn't the court read the Second Withdrawal's statement that it would become effective "if the court lifts the preliminary injunction but in no case earlier than May 18, 2020," 85 Fed. Reg. at 21,497, as an intent to implement duties on imports pursuant to the Second Withdrawal as of May 18, 2020, given that the preliminary injunction did not cover the Second Withdrawal at the time this language was published?

8. If the court were to conclude that the Second Withdrawal should be upheld, why would the court not also be conceding that its preliminary conclusion regarding the Second Withdrawal was in error such that the purpose of the preliminary injunction and preservation of the status quo becomes irrelevant? See Pls.' Br. at 82.

9. Are there any recent or pending Federal Circuit or CIT cases that may change the court's analysis?

II. **Questions to Defendant the United States ("Government")**

1. Do you agree with Plaintiffs' contention that you have waived the defense of USTR's authority to withdraw exclusions to safeguard actions as challenged by Plaintiffs? Pls.' Reply in Supp. of Mot. for J. on the Admin. R. at 4, Apr. 9, 2021, ECF No. 312 ("Pls.' Reply"). Can the court vacate the Second Withdrawal as not based on proper statutory authority on this basis alone?

    a. To what does footnote 3 of your brief refer regarding arguments made addressing Section 204? Def.'s Br. at 29 n.3. Was the omission of section II or those arguments a technical error? If so, what impact does this have on Plaintiffs' contention that your defense to USTR's statutory authority is waived?

    b. If you have waived these arguments at this stage of the litigation, can and should the court refer to your previous arguments regarding USTR's authority as representative of your position on this issue?

2. Must the court address Plaintiffs' contentions that USTR acted without proper statutory or delegated authority if the court determines that vacatur under the APA is a proper remedy?

3. You state that the "APA does not require [USTR] to address every comment received by an interested party." Def.'s Br. at 29. What is the standard by which a comment rises to the level of a significant comment that must be addressed by the agency? Are significant comments limited to points the agency requested comment on? See Def.'s Br. at 38.

4. How do you respond to Plaintiffs' contention that they need not have raised arguments regarding core APA requirements to USTR? Pls.' Reply at 13–14.

5. Do you agree with Plaintiffs' position that the Supreme Court's decision in Department of Homeland Security v. Regents of the University of California, 140 S. Ct. 1891 (2020) ("Regents"), requires an agency to consider alternatives to a policy change (e.g., retention of an exclusion) and how to reduce any hardship a rescission of an exclusion may cause? Pls.' Br. at 49.  If not, does the solicitation of comments on this point in the January 2020 Notice require such consideration by USTR in any decision to withdraw an exclusion?

6. You contend that USTR's substitutability argument was made from the perspective of "utilities planning solar generating facilities." Def.'s Br. at 31.  Did USTR consider substitutability from the perspective of utilities that had already planned solar generating facilities?  Should it have in light of interested party comments or reliance interests? See Pls.' Br. at 27–28.

    a. What language in the Second Withdrawal or the record supports that USTR did not dispute that "bifacial panels were not substitutable with monofacial panels once a utility has chosen one or another and designed a generating facility . . . '"? Def.'s Br. at 33.

7. How do you respond to Plaintiffs' argument that the Section 203 requirement that the President act within sixty days of receiving the ITC's report extends to USTR's withdrawal actions and is analogous to the court's holding in Transpacific Steel LLC v. United States, 44 CIT __, 466 F. Supp. 3d 1246 (2020), regarding Section 232's statutory deadlines?[1] Pls.' Br. at 64.

8. How do you respond to Plaintiffs' contention that modifications under Section 204 must be trade liberalizing per the statute's text, the Statement of Administrative Action, and legislative history? Id. at 65–67.

9. If the court agrees with Plaintiffs' contention that the procedures set out in the January 2020 Notice exceeded USTR's delegated authority because they were issued after the 30-day deadline directed by the President, would vacatur of the January 2020 Notice also be required? See Pls.' Br. at 71.

10. How do you respond to Plaintiffs' claim that "retroactive" application of the Second Withdrawal would be unfair given that neither the preliminary injunction nor the subsequent modification of the preliminary injunction were appealed? Pls.' Br. at 78.

11. Are there any recent or pending Federal Circuit or CIT cases that may change the court's analysis?

                                                                Sincerely,

                                                                /s/ Gary S. Katzmann
                                                                Gary S. Katzmann
                                                                Judge

---

[1] Regarding responses to this and subsequent questions addressing waiver or associated arguments, the court takes no position at this time on whether specific arguments were waived or whether the court will consider arguments that may have been waived.