1001 Pennsylvania Avenue, N.W., Washington, DC  20004-2595 ▪ p202.624.2500 ▪ f202.628.5116



**Amanda Shafer Berman**
**(202) 688-3451**
**ABerman@crowell.com**

July 20, 2021

Hon. Gary S. Katzmann
United States Court of International Trade
1 Federal Plaza
New York, NY  10278

Case:   *Invenergy Renewables LLC et al. v. United States et al.*, No. 19-00192

Re:   <u>Supplemental filing on *Transpacific Steel LLC v. U.S.,* No. 20-2157, 2021 WL 2932512 (Fed. Cir. July 13, 2021)</u>.

Dear Judge Katzmann:

Pursuant to this Court's July 13 Order (ECF #326), Plaintiff Invenergy Renewables LLC, and Plaintiff-Intervenors Clearway Energy Group LLC, AES Distributed Energy Inc., EDF Renewables, Inc. and Solar Energy Industries Association respectfully submit this supplemental filing addressing the Federal Circuit's recent decision reversing this Court's grant of judgment in favor of Plaintiffs in *Transpacific Steel LLC v. United States*.

First, the Federal Circuit's decision in *Transpacific Steel LLC v. U.S.,* No. 20-2157 (Fed. Cir. July 13, 2021), has no relevance to Plaintiffs' Administrative Procedure Act (APA) claims in this case. Nor does that decision, which addressed the President's authority to increase a tariff previously imposed for national security purposes under Section 232 of the 1962 Trade Expansion Act, have any bearing on Plaintiffs' claim that the United States Trade Representative (USTR) lacks delegated authority to withdraw an exclusion previously granted by that agency from a safeguard measure imposed pursuant to Section 201 of the 1974 Trade Act. Whatever authority *the President* may or may not have to withdraw an exclusion and re-impose a safeguard measure on a particular product under the safeguard statute, the President delegated no such authority *to USTR*. Rather, as explained in Plaintiffs' briefs (including Plaintiffs' post-argument brief filed today), the President only delegated to USTR the authority to issue procedures for, and then grant or deny, requests for exclusion of particular products from the safeguard measure established by Proclamation 9693.

Furthermore, while the Federal Circuit's *Transpacific Steel* decision is more relevant to Plaintiffs' claim that neither USTR nor the President have statutory authority to withdraw the bifacial panel Exclusion granted by USTR in June 2019, it does not undermine Plaintiffs' key arguments on that issue. In fact, that decision confirms a key point made throughout this

July 21, 2020
Page 2

litigation by Plaintiffs: that the Court must ensure that the Government has met the statutory prerequisites for taking action under the safeguard statute. *See Transpacific Steel*, Slip Op. at 29 (explaining that the court's conclusion that, under Section 232, the President could take additional action after the 15 days period prescribed by the statute for implementing an initial action to adjust imports did not mean that the statute "permit[s] *any* presidential imposition after the 15-day period," and still requires (inter alia) "an affirmative finding of [national security] threat by the Secretary [of Commerce] [as] the predicate for Presidential action").

While the Federal Circuit concluded in *Transpacific Steel* that the President had complied with the few requirements of Section 232 and therefore had not exceeded his authority, that is not the case here. Whereas Section 232 of the Trade Expansion Act gives the President broad authority to take action regarding imports that threaten national security, Sections 201-04 of the 1974 Trade Act set forth many requirements and prerequisites for the imposition and modification of safeguard tariffs on presumptively fair trade. Those include (1) the obligation, set forth in Sections 201 and 203, to conduct a cost-benefit analysis and confirm that any action taken provides greater economic and social benefits than costs; (2) an explicit bar, set forth in Section 203(e)(7), against re-applying a safeguard measure to a product less than two years after it was terminated; and (3) Section 204's requirement that the President make certain findings and fulfill certain procedural requirements before modifying or terminating a safeguard action.

Finally, unlike Section 232 of the Trade Act, the safeguard statute requires that any tariffs imposed thereunder be phased *down* over the course of the action, not increased. This is another key way the two statutory schemes differ. As the Federal Circuit explained in *Transpacific Steel*, in the context of national security tariffs, there is a long history (both pre-dating and post-dating Section 232) of Presidents taking additional action to protect the national security, including by increasing previously-imposed tariffs where needed. *See* Slip. Op. at 31-37. There is no such history of action to increase or reimpose safeguard tariffs under Section 204(b)(1)(B). And, unlike Section 232, the safeguard statute includes language that makes it clear that Congress only intended for safeguard measures to be *decreased* during the limited time that they remain in place. *See* 19 U.S.C. § 2253(a)(4), (e)(5).

As Plaintiffs explained in their briefs, USTR's withdrawal of the Exclusion in April 2020 violated all of these statutory requirements—in addition to going beyond the delegation of authority to the agency by the President and violating the APA in numerous respects. Thus, the Federal Circuit's disagreement with this Court's conclusion that the President had violated Section 232 when he increased national security tariffs on steel imports from Turkey does not undermine Plaintiffs' arguments that the April Withdrawal was unlawful.

July 21, 2020
Page 3

Respectfully submitted,

/s/Amanda Shafer Berman
John Brew
Larry Eisenstat
Amanda Shafer Berman
Frances Hadfield
**CROWELL & MORING LLP**
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Counsel for Plaintiffs Invenergy Renewables*
*LLC, Clearway Energy Group LLC, and AES*
*Distributed Energy Inc.'s*

/s/ Matthew R. Nicely
Matthew R. Nicely
**AKIN GUMP STRAUSS HAUER &**
**FELD LLP**
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4288
mnicely@akingump.com

*Counsel to SEIA*

/s/ Kevin O'Brien
Kevin M. O'Brien
Christine M. Streatfeild
**BAKER & MCKENZIE LLP**
815 Connecticut Ave, NW
Washington, DC 20006
(202) 452-7000
kevin.obrien@bakermckenzie.com

*Counsel to EDF Renewables, Inc*

July 21, 2020
Page 4

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on this 20th day of July, 2021, that I served a true copy of the

foregoing in Court No. 19-00192 through the Court's electronic filing system. I further certify

that this filing comports with the Court's July 13, 2020 Order as it contains 768 words.


/s/ Amanda Shafer Berman